**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
Judge Walker D. Miller

Civil Action No. 06-cv-01142-WDM-MJW

KARYN S. PALGUT

     Plaintiff,

v.

CITY OF COLORADO SPRINGS,

     Defendant.

---

## Joint Confidentiality and Protective Order

---

The Court enters this Confidentiality Order ("Order"). Unless modified by written agreement of the parties or the Court, this Order shall remain in full force and effect through the conclusion of this litigation.

### I.    Protective Order

1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery created by the Federal Rules of Civil Procedure.

1.    As used in this Protective Order, "Confidential Information" means any document, file portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note or copy made therefrom and designated by one of the Parties in the manner provided in paragraph I. 2 below as containing Confidential Information.

However, the parties agree that, in many instances, the need to keep information confidential may be accomplished by anonymous identity coding, such as by numerical numbers.

2.      Documents are designated as Confidential Information by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

3.      Confidential Information identified in accordance with paragraph I. 2 of this Protective Order shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except* according to the provisions of this Protective Order.  Confidential Information may be disclosed to:

a.      the Plaintiff;

b.      attorneys actively working on this case;

c.      persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

d.      expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for the prosecution or defense of this case;

e.      the Court and its employees ("Court Personnel");

f.      stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

g.      deponents or witnesses listed in each party's disclosures who are anticipated to testify at trial;

h.      other persons deemed necessary by the Parties' attorneys for the prosecution or defense of this case;

i.      any person who appears as an author, addressee, or recipient on the face of the document or to any officer, director, managing agent or attorney of the Party producing the document;

j.      other persons by written agreement of the parties.

4.      Except for persons listed in paragraph I. 3 a, b, c, e, & f, prior to disclosing Confidential Information to any person, counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions, in the form set forth in Exhibit A, below.    All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if opposing counsel demonstrates good cause for review.

5.      As used in this Protective order, "Document," "data," "electronic information," or synonyms thereof, means documents or electronically stored information referred to in Fed. R. Civ. P. 34, as amended by the impending December 2006 amendments to that rule, including information stored in, or derivable from, video and photographic devices.

6.      A draft or non-identical copy is a separate document within the meaning of this Order.

7.      As used in this Protective order, Confidential Information shall include any document, file, portions of files, transcribed testimony, or response to discovery request, including any extract, abstract, chart, summary, note or copy made thereof, and designated by one of the parties in the manner provided in paragraph I. 2, as containing Confidential Information.

- 3 -

8.      Confidential Information shall not include (i) materials that on their face show that they have been published to the general public, or (ii) information that has been submitted to any governmental entity or party that was not considered confidential by law or was submitted without a promise of confidential treatment.

9.      At any time after the delivery of Confidential Information, counsel for the Party or Parties receiving it may challenge the Confidential designation of all or any portion thereof by providing written notice thereof to counsel for the Party disclosing or producing the Confidential Information.  If the Parties cannot resolve the objection within 10 business days from the time the objection was received, the receiving Party may file a written objection with the Court.  The producing Party shall thereafter file a written reply to the receiving Party's objection within seven (7) business days establishing that the information is Confidential Information in accordance with this Order.  During the time period in which a written objection is pending with the Court, the disputed material at issue shall be treated as it was originally designated and this Protective Order shall remain in full force and effect with respect to the Confidential Information at issue. Only if the Court issues an order sustaining the receiving Party's objection will the disputed information be re-designated.

10.     Treatment of Confidential Information: Confidential Information shall not be intentionally used or disclosed to anyone for any purpose whatsoever, except as provided for in the Order.

11.     Confidential Information shall be used solely for the prosecution and/or defense of this litigation.

12.     In the event it is necessary for the Parties to file Confidential Information with the Court in connection with any proceeding or motion, the Confidential Information shall be filed in accordance with the requirements of D.C.Colo.L.Civ.R. 7.2 *And 7.3* in a sealed envelope, with the following statement typed conspicuously thereon:

CONFIDENTIAL

THIS DOCUMENT IS FILED UNDER SEAL.  UNLESS OTHERWISE ORDERED BY THE COURT, IT SHALL NOT BE REPRODUCED FOR NOR SHOWN TO PERSONS, OTHER THAN THOSE ENTITLED TO HAVE ACCESS TO SUCH DOCUMENTS UNDER THE PROTECTIVE ORDER ENTERED IN KARYN S. PALGUT v. CITY OF COLORADO SPRINGS, CIVIL ACTION NO. 06-CV-01142-WDM-MJW.

13.     Testimony or portions thereof which contain Confidential Information may be designated as "Confidential" by a statement to that effect on the record and shall be separately bound in a confidential volume, and shall, if required, be separately filed as provided herein so as to distinguish such confidential portions thereof from non-confidential portions thereof.

14.     Transcripts produced without the designation of "Confidential" may be so designated subsequent to production or testimony if the producing Party provides replacement materials bearing appropriate designations and notifies the receiving Party promptly after becoming aware of the failure of the producing Party to timely make such designation. If discovery material or information is designated "Confidential" subsequent to production or testimony, the receiving Party promptly shall collect any copies that have been provided to individuals other than those authorized to receive Protected Information so designated under this Order, and shall affix *the* appropriate

- 5 -

designation to any copies that were provided to individuals authorized to receive Confidential Information so designated under this Order.

15.     Any discovery documents produced in this litigation may be later designated as "Attorney Client Privileged" or "Attorney Work Product" promptly upon discovery by the producing Party that any such privileged or immune document was produced through inadvertence, mistake, or other error, and no waiver or privilege or immunity shall be deemed to have occurred. Upon such designation, the receiving attorney promptly shall make best efforts to collect all copies of the documents and return them to the producing Party.  In the event that the receiving attorney believes in good faith that the producing Party cannot properly assert any privilege or immunity with respect to the documents, the receiving attorney must notify the designating attorney in writing within 10 business days and the designating attorney shall, within 10 days of such notice, file a motion to establish that the material is privileged from discovery; otherwise, the claim of privilege shall be deemed waived.

16.     The term "copy" as used herein means any photographic, mechanical or computerized copy or reproduction of any document or thing, or any verbatim transcript, in whole or in part, of such document or thing.

17.     To the extent that Confidential Information is used in depositions, at hearings, or at trial, such information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony and/or trial testimony referring to the Confidential Information contained therein.

18.     Any court reporter or transcriber who reports or transcribes testimony in this action shall agree that all Confidential Information designated as such under this Order shall remain

- 6 -

confidential and shall not be disclosed by him or her, except pursuant to the terms of this Order, and

that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained

by the reporter or delivered to counsel of record.

19.     Inadvertent or unintentional production of documents or information

containing Confidential Information which is not designated "Confidential" shall not be deemed a

waiver in whole or in part of a claim for confidential treatment.

20.     The Party or Parties receiving Confidential Information shall not disseminate

Confidential Information contained therein in derogation of this Order.

21.     In the event that the parties to this litigation, their counsel, or any parties who

have consented to be bound to the terms of this Protective Order in any way violate the terms or

conditions of this Protective order, said individual shall consent to the jurisdiction of the United

States District Court for the District of Colorado for purpose of any contempt proceedings or any

action concerning a litigant's right to injunctive relief as a result of such violations *until such*
*Case Terminated in The United States District Court For The District*
*of Colorado.*

22.     After termination of this litigation, the provisions of this Order shall continue

*MJW*
*10-19-06*

to be binding except with respect to those documents and information that become a matter of public

record. ~~This Court retains and shall have continuing jurisdiction over the Parties and recipients of~~

~~Confidential Information for enforcement of the provision of this Order following termination of this~~

~~litigation.~~

23.     Within thirty (30) days of the termination of this action by dismissal, judgment,

or settlement, including all appeals, upon a written request by the producing Party, and assurance by

that Party to pay the expenses necessary to respond to the request, the receiving Party's counsel shall

return the tangible forms in which Confidential Information was produced or is stored to the counsel

for the producing Party or Parties and certify to the disclosing Party or Parties that all tangible forms of such information has been destroyed. The Party or Parties receiving Confidential Information shall keep their attorney work product which refers or relates to any Confidential Information. Attorney work product may be used in subsequent litigation provided that such use does not disclose Confidential Information.

24.    This Order shall be binding upon the Parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

25.    This Order shall apply to the Parties and any non-party from whom discovery may be sought and who desires protection for the discovery sought. Thus, any non-party requested or required to produce or disclose information in this proceeding, through subpoena or otherwise, may designate such information pursuant to the terms of this Order.

26.    This Court anticipates that as this litigation continues need may arise for the Parties to file a motion to modify the terms hereof with respect to the sharing of Confidential Information; shifting the cost burden of production equitably; and other terms that may be reasonably required to protect a Party as provided in Fed. R. Civ. P. (b) or (c).

Dated this ___19th___ day of October, 2006

BY THE COURT

_____
District Court Judge
**MICHAEL J. WATANABE
- U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO**

**EXHIBIT A**

**DECLARATION OF ACKNOWLEDGMENT AND AGREEMENT
TO BE BOUND BY PROTECTIVE ORDER**

I, _____, declare under penalty of perjury under the laws of the United

States that:

1.      My address is: _____.

2.      My present employer is _____ and its address is:

_____.

3.      My present occupation or job description is: _____.

4.      I received a copy of the Protective Order entered by the Court in the above-captioned case; I

hereby attest to my understanding that information or documents in connection with the

above-captioned case are provided to me pursuant to the terms, conditions and restrictions of

the Protective Order; and hereby agree to be bound by its terms as if I were a party thereto.  I

will hold in confidence, will not disclose to anyone not qualified under the Protective Order,

and will use only for purposes of this action any Confidential Information and Protected

Documents which are disclosed to me.  Upon request by the producing Party, and assurance

by that Party to pay the expenses necessary to respond to the request, I will return all

Confidential Information that comes into my possession, and documents or things that I have

prepared relating thereto, to counsel for the Party by whom I am employed or retained.


_____            _____
Signature                                          Printed Name


_____

Date

EXECUTED this __day of _____, 2006.

Affiliation _____

Business
Address _____

_____

AGREED:                              AGREED:


s/ Craig M. Cornish                  s/Lori R. Miskel
Craig Cornish, #10445                Lori Miskel, #027569
CORNISH AND DELL'OLIO                City of Colorado Springs
431 N. Cascade Avenue                30 South Nevada Avenue, Ste. 501
Colorado Springs, CO 80903           P.O. Box 1575, Mail Code 510
Telephone:  (719) 475-1204           Colorado Springs, CO  80901
Facsimile:  (719) 475-1264           Telephone: (719) 385-5909
e-mail: ccornish@cornishanddellolio.com  Facsimile:  (719) 385-5535
Attorneys for Plaintiff              e-mail: lmiskel@springsgov.com
                                      Attorneys for Defendants

- 10 -