IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Michael J. Watanabe

Civil Action No. 06-cv-01142-WDM-MJW

KARYN S. PALGUT,

    Plaintiff,

v.

CITY OF COLORADO SPRINGS,

    Defendant.

---

**ORDER REGARDING PLAINTIFF'S MOTION FOR ENTRY OF AN ELECTRONIC
DISCOVERY PLAN AND ORDER TO PRESERVE EVIDENCE
(DOCKET NO. 34)**

---

This matter is before the court on Plaintiff's Motion for Entry of an Electronic Discovery Plan and Order to Preserve Evidence (docket no. 34). The court has reviewed the subject motion and attachments, Defendant's response (docket no. 49), and Plaintiff's reply (docket no. 51). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

Plaintiff requests that this court enter her proposed written electronic discovery plan and order to preserve evidence. As to such proposed order, Defendant has objected to portions of the same. In particular, Defendant has objected to paragraphs:

2

V. Mandatory disclosures of the sources and locations of electronic information; VI. Order Preserving Evidence; and VII. Cost Sharing.  As to the other paragraphs contained in the Plaintiff's proposed written electronic discovery plan and order to preserve evidence, the Defendant does not object.

As to paragraphs V. and VI., this court finds paragraphs V. and VI. are both overbroad and unduly burdensome and not reasonably calculated to lead to relevant information.  This court further finds that when Plaintiff filed her EEOC Complaint, the Defendant took action to preserve its records.  See Defendant's exhibits A, B, C, and D attached to Defendant's response (docket no. 49).  Accordingly, Defendant has taken affirmative action to preserve potentially-relevant information in this case.  In addition, Defendant has agreed to provide Plaintiff with any further potentially-relevant information that comes into existence unless such further information is protected by the attorney-client privilege or attorney work product.  Lastly, Defendant has identified where potentially-relevant electronically-stored information is located.

As to paragraph VII., this court finds that the proposed language as written in paragraph VII. should be amended as follows:

> The parties shall meet, confer and discuss cost allocation of production and preservation of electronic information and make a good faith effort to agree on a reasonable cost allocation.  If the parties cannot agree, then the court will make the determination of cost allocation.

**ORDER**

**WHEREFORE**, it is hereby **ORDERED:**

1.   That Plaintiff's Motion for Entry of an Electronic Discovery Plan and

3

Order to Preserve Evidence (docket no. 34) is GRANTED as follows.

2. That Plaintiff's proposed written electronic discovery plan and order to preserve evidence shall be amended by deleting paragraphs V. and the subparts of paragraph V. in its entirety and by amending paragraphs VI. and VII. with the following language only: (i.e., all other language in paragraphs VI. and VII. in the proposed written electronic discovery plan and order to preserve evidence shall be deleted except the following language):

>Paragraph VI.
>
>Neither party may alter, interliniate, destroy, or permit the destruction of any document, as defined herein, in its possession, custody, or control, without further order of court.
>
>Paragraph VII.
>
>The parties shall meet, confer and discuss cost allocation of production and preservation of electronic information and make a good faith effort to agree on a reasonable cost allocation. If the parties cannot agree, then the court will make the determination of cost allocation.

3. That the remaining paragraphs in Plaintiff's proposed written electronic discovery plan and order to preserve evidence are approved.

4. That the parties shall resubmit the Plaintiff's proposed written electronic discovery plan and order to preserve evidence,

4

consistent with this Order and consistent with the e-filing requirements of this court, on or before December 1, 2006, *nunc pro tunc* to November 21, 2006.

5. That each party shall pay their own attorney fees and costs.

Done this 21st day of November 2006.

                              BY THE COURT

                              <u>s/ Michael J. Watanabe</u>
                              Michael J. Watanabe
                              U.S. Magistrate Judge