IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01142-WDM-MJW

KARYN S. PALGUT,

Plaintiff,

v.

CITY OF COLORADO SPRINGS,

Defendant.

---

### ORDER REGARDING
### PLAINTIFF'S MOTION FOR DISCOVERY REGARDING SPOLIATION OF EVIDENCE
### (DOCKET NO. 73)

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**


This matter is before the court on Plaintiff's Motion for Discovery Regarding

Spoliation of Evidence (docket no. 73).  The court has reviewed the motion and

response (docket no. 88).  In addition, the court has taken judicial notice of the court's

file and has considered applicable Federal Rules of Civil Procedure and case law.  The

court now being fully informed makes the following findings of fact, conclusions of law,

and order.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

In the subject motion, Plaintiff fails to articulate, in particularity, what types of

additional discovery she is requesting other than to request additional discovery

directed at the extent of spoliation so that Plaintiff can determine whether to file a

2

motion for spoliation sanctions. In response to such motion, Defendant ("City") argues in its response (docket no. 88) that all data that the City has in its possession that has been maintained in its native electronic format that has been requested and that is not otherwise subject to non-disclosure due to privilege has been disclosed in its native format. Moreover, the City argues that the volume of data that meets this description is minimal and the City maintains a majority of its documents in hard-copy format which does not amount to spoliation of evidence. The City further argues that many of the documents requested by Plaintiff were created long before an obligation to preserve evidence was imposed on the City. Lastly, the City argues that once the obligation to preserve evidence was triggered by Plaintiff's filing of an internal complaint with the City's Human Resources Office regarding discrimination and harassment and again when Plaintiff filed a complaint with the EEOC/CCRD, City personnel were specifically instructed to preserve all relevant evidence in their possession.

Here, the court finds that Plaintiff should be given additional interrogatories directed at the City for the limited purpose of determining whether spoliation of evidence has taken place by the City and, if so, to what extent.

### ORDER

Based upon these findings of fact and conclusions of law, this court **ORDERS**:

1. That Plaintiff's Motion for Discovery Regarding Spoliation of Evidence (docket no. 73) is **GRANTED**;

2. That Plaintiff shall be given 25 additional interrogatories which shall be directed at the City for the limited purpose of determining

3

  whether spoliation of evidence has taken place by the City and, if so, to what extent;

3. That the Rule 16 Scheduling Order is amended consistent with this Order;

4. That each party shall pay their own attorney fees and costs.

Done this 26th day of January 2007.

              BY THE COURT

              s/ Michael J. Watanabe
              Michael J. Watanabe
              U.S. Magistrate Judge