IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01142-WDM-MJW

KARYN S. PALGUT,

Plaintiff,

v.

CITY OF COLORADO SPRINGS,

Defendant.

---

**ORDER REGARDING
PLAINTIFF'S MOTION TO COMPEL DISCOVERY (DOCKET NO. 70)**

---

**MICHAEL J. WATANABE
U.S. Magistrate Judge**

This matter is before the court on Plaintiff's Motion to Compel Discovery (docket no. 70). The court has reviewed the motion, response (docket no. 87), and Plaintiff's supplemental brief (docket no. 83). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Rule 26(b)(1) of the Federal Rules of Civil Procedure defines the scope of discovery as follows:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . For good cause, the court may order discovery of any matter relevant to the subject matter

> involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. . . .

Fed. R. Civ. P. 26(b)(1). However, "a party's right to obtain discovery of 'any matter, not privileged, that is relevant to the claim or defense of a party' . . . may be constrained where the court determines that the desired discovery is unreasonable or unduly burdensome given the needs of the case, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Simpson v. University of Colo., 220 F.R.D. 354, 356 (D. Colo. 2004). "The Federal Rules of Civil Procedure permit a court to restrict or preclude discovery when justice requires in order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . ." Id.

In the subject motion, Plaintiff requests the following relief: (1) an order compelling Defendant to allow Plaintiff (or her designee) to inspect, copy, test, or sample requested electronically-stored information; (2) an order compelling Defendant to produce electronically-stored information in native format; (3) an order compelling Defendant to respond completely and non-evasively to document requests and interrogatories; (4) an order compelling Defendant to pay Plaintiff for the cost of converting documents produced in PDF format into a searchable format; (5) an order amending the Scheduling Order by increasing the number of allowed document requests and interrogatories by 50 each; (6) an order staying discovery pending final resolution of this motion at the district court level; (7) an order scheduling an evidentiary hearing on any material facts in dispute, including an opportunity for the

3

Plaintiff to present testimony from her forensic computer examiner, and , if needed, to conduct pre-hearing discovery; (8) an order awarding Plaintiff attorney fees and costs caused by discovery violations described in the brief in support of this motion; and, (9) an order declaring that this case should proceed under the Federal Rules of Civil Procedure as amended December 1, 2006.

On Plaintiff's First Set of Document Requests, this court finds as follows:

1. That as to Plaintiff's Request for Production of Document (hereinafter "RFP") no. 1, Defendant's objection that this RFP is overbroad and unduly burdensome is sustained. No further response is required by Defendant.

2. That as to RFP no. 2, this RFP has been fully responded to by Defendant and no further response is required.

3. That as to RFP no. 3, Defendant's objection that this RFP is overbroad is sustained. No further response is required by Defendant.

4. That as to RFP no. 4, Defendant's objection that this RFP is overbroad is sustained. No further response is required by Defendant.

5. That as to RFP no. 5, Defendant's objection that this RFP is overbroad is sustained. No further response is required by Defendant.

6. That as to RFP no. 6, this RFP has been fully responded to by

4

Defendant and no further response is required.

7. That as to RFP no. 7, this RFP has been fully responded to by Defendant and no further response is required.

8. That as to RFP no. 8, Defendant's objection that this RFP is overbroad is sustained. No further response is required by Defendant.

9. That as to RFP no. 9, this RFP has been fully responded to by Defendant and no further response is required.

10. That as to RFP no. 10, Defendant's objection that this RFP is overbroad is sustained. No further response is required by Defendant.

11. That as to RFP no. 11, this RFP has been fully responded to by Defendant and no further response is required.

12. That as to RFP no. 12, this RFP has been fully responded to by Defendant and no further response is required.

13. That as to RFP no. 13, this RFP has been fully responded to by Defendant and no further response is required.

On Plaintiff's First Set of Interrogatories and Request for Admissions, this court finds as follows:

1. That as to Plaintiff's Interrogatory ("ROG") no. 1, this ROG has been fully responded to and no further response is required by Defendant.

5

2. That as to ROG no. 2, this ROG has been fully responded to and no further response is required by Defendant.

3. That as to ROG no. 3, this ROG has been fully responded to and no further response is required by Defendant.

4. That as to ROG no. 4, this ROG has been fully responded to and no further response is required by Defendant.

5. That as to ROG no. 5 and subparts a through I, inclusive, this ROG has been fully responded to and no further response is required by Defendant.

6. That as to ROG no. 6, this ROG has been fully responded to and no further response is required by Defendant.

7. That as to ROG no. 7, this ROG has been fully responded to and no further response is required by Defendant.

8. That as to ROG no. 8, this ROG has been fully responded to and no further response is required by Defendant.

9. That as to ROG no. 9, this ROG has been fully responded to and no further response is required by Defendant.

10. That as to ROG no. 10, Defendant's objection that this ROG is overbroad and unduly burdensome is sustained.  No further response is required by Defendant.

11. That as to ROG no. 11, Defendant's objection that this ROG is overbroad and unduly burdensome is sustained.  No further

response is required by Defendant.

12. That as to ROG no. 12 and subparts a through i, inclusive, Defendant's objection that this ROG is overbroad and unduly burdensome is sustained. No further response is required by Defendant.

13. That as to ROG no. 13 and subparts a through h, inclusive, Defendant's objection that this ROG is overbroad and unduly burdensome is sustained. No further response is required by Defendant.

14. That as to ROG no. 14 , Defendant's objection that this ROG is overbroad and unduly burdensome is sustained. No further response is required by Defendant.

15. That as to ROG no. 15 , Defendant's objection that this ROG is overbroad and unduly burdensome is sustained. No further response is required by Defendant.

16. That as to ROG no. 16 , Defendant's objection that this ROG is overbroad and unduly burdensome is sustained. No further response is required by Defendant.

17. That as to ROG no. 17, Defendant's objection that this ROG is overbroad and unduly burdensome is sustained. No further response is required by Defendant.

18. That as to ROG no. 18, Defendant's objection that this ROG is

7

overbroad and unduly burdensome is sustained. No further response is required by Defendant.

19. That as to ROG no. 19, Defendant's objection that this ROG is overbroad and unduly burdensome is sustained. No further response is required by Defendant.

20. That as to ROG no. 20, Defendant's objection that this ROG is overbroad and unduly burdensome is sustained. No further response is required by Defendant.

21. That as to ROG no. 21, Defendant's objection that this ROG is overbroad and unduly burdensome is sustained. No further response is required by Defendant.

22. That as to ROG no. 21 and subparts a through g, inclusive, Defendant's objection that this ROG is overbroad and unduly burdensome is sustained. No further response is required by Defendant.

23. That as to ROG no. 22, Defendant's objection that this ROG is overbroad and unduly burdensome is sustained. No further response is required by Defendant.

24. That as to ROG no. 24, this ROG has been fully responded to and no further response is required by Defendant.

25. That as to ROG no. 25, this ROG has been fully responded to and no further response is required by Defendant.

8

On Plaintiff's Requests for Admissions ("RFA"), this court finds as follows:

1. That as to RFA no. 1, this RFA has been fully responded to and no further response is required by Defendant.

2. That as to RFA no. 2, this RFA has been fully responded to and no further response is required by Defendant.

**ORDER**

Based upon these findings of fact and conclusions of law, this court **ORDERS**:

1. That Plaintiff's Motion to Compel Discovery (docket no. 70) is **DENIED**; and,

2. That each party shall pay their own attorney fees and costs.

Done this 29th day of January 2007.

BY THE COURT

s/ Michael J. Watanabe
Michael J. Watanabe
U.S. Magistrate Judge