IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01142-WDM-MJW

KARYN S. PALGUT,

Plaintiff,

v.

CITY OF COLORADO SPRINGS,

Defendant.

---

**ORDERS ON
PLAINTIFF'S SECOND MOTION TO COMPEL BASED ON NEWLY DISCOVERED EVIDENCE (Docket No. 137),
PLAINTIFF'S AMENDED MOTION FOR PROTECTIVE ORDER REGARDING THE UNINTENTIONAL DISCLOSURE OF EMBEDDED DATA IN AN INTERROGATORY (Docket No. 117),
and
DEFENDANT'S MOTION FOR PROTECTIVE ORDER REGARDING THE UNINTENTIONAL DISCLOSURE OF THE MAY 2, 2005 MEMO (Docket No. 124)**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

Before the court are the following three motions: (1) Plaintiff's Second Motion to Compel Based on Newly Discovered Evidence (Docket No. 137), (2) Plaintiff's Amended Motion for Protective Order Regarding the Unintentional Disclosure of Embedded Data in an Interrogatory (Docket No. 117), and (3) Defendant's Motion for Protective Order Regarding the Unintentional Disclosure of the May 2, 2005 Memo

2

(Docket No. 124). The court has considered the motions, the responses thereto (Docket Nos. 135, 130, which was excessively long, and 143), and a replies (Docket Nos. 141, 144). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

Rule 26(b)(1) of the Federal Rules of Civil Procedure defines the scope of discovery as follows:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. . . .

Fed. R. Civ. P. 26(b)(1). However, "a party's right to obtain discovery of 'any matter, not privileged, that is relevant to the claim or defense of a party' . . . may be constrained where the court determines that the desired discovery is unreasonable or unduly burdensome given the needs of the case, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Simpson v. University of Colo., 220 F.R.D. 354, 356 (D. Colo. 2004). "The Federal Rules of Civil Procedure permit a court to restrict or preclude discovery when justice requires in order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . ." Id.

Furthermore, the Colorado Court of Appeals has determined that in those

3

instances in which an alleged inadvertent disclosure has occurred during the course of judicial discovery proceedings, the most appropriate means to determine whether the disclosure should be considered a waiver of the attorney-client privilege is to "consider a number of factors to determine whether the disclosure resulted from excusable inadvertence or from some chargeable negligence or other fault." Floyd v. Coors Brewing Co., 952 P.2d 797, 808-09 (Colo. App. 1997), rev'd on other grounds, 978 P.2d 663 (1999). The court stated:

> Among the factors considered . . . are: (1) the extent to which reasonable precautions were taken to prevent the disclosure of privileged information; (2) the number of inadvertent disclosures made in relation to the total number of documents produced; (3) the extent to which the disclosure, albeit inadvertent, has, nevertheless, caused such a lack of confidentiality that no meaningful confidentiality can be restored; (4) the extent to which the disclosing party has sought remedial measures in a timely fashion; and (5) considerations of fairness to both parties under the circumstances.

Id. at 809. See Colorado Bar Association Ethics Committee Formal Opinion 108.[1] See

---

[1] That Opinion provides in relevant part:

In the situation where a party or a sending lawyer inadvertently discloses to an adverse party or an adverse party's lawyer documents that on their face appear to be privileged or confidential, the Committee concludes that the receiving lawyer, upon recognizing their privileged or confidential nature, has an ethical duty to notify the sending lawyer that he or she has the documents. Although the only ethical obligation of the receiving lawyer in this situation is to give notice, other considerations also come into play, including professionalism and the applicable substantive and procedural law. Once the receiving lawyer has notified the sending lawyer, the lawyers may, as a matter of professionalism, discuss whether waiver of privilege or confidentiality has occurred. In some instances, the lawyers may be able to agree on how to handle the matter. If this is not possible, then the sending lawyer or the receiving lawyer may seek a determination from a court or other tribunal as to the proper disposition of the documents, based on the substantive law of

also Jones v. Eagle-North Hills Shopping Centre, 239 F.R.D. 684 (E.D. Okla. 2007).[2]

Upon consideration of the above, the court finds as follows:

1. That both plaintiff and defendant made inadvertent disclosures;

2. That the disclosures inadvertently made are protected work product;

3. That neither party waived the protection afforded to the work product;

4. That defendant's failure to identify certain back-up tapes in its initial disclosures was inadvertent and was not intentional, willful, or wanton;

5. That sanctions are not warranted against defendant or defense counsel due to this inadvertent failure to disclose;

6. That defendant need not produce the back-up tapes dated May 7, 2004,

---

waiver. . . .

Formal Opinion 108: Inadvertent Disclosure of Privileged or Confidential Documents, The Colorado Lawyer, Sept. 2000, Vol. 29, No. 9, p. 58.

[2]In Jones, the court noted that "little relevant case law exists in this circuit on the subject" and noted the following:

> Three primary approaches currently exist to determine whether an inadvertent disclosure constitutes a waiver of privilege. The first approach is called the traditional or strict approach, which holds that an inadvertent disclosure *always* constitutes a waiver of privilege. The second approach is the "no waiver" approach or "subjective intent test." This approach holds that an inadvertent disclosure does not constitute a waiver of privilege without extreme negligence. The third approach is referred to as the "skeptical balancing test," which gives the court discretion in determining whether the inadvertent disclosure results in a waiver. In using such discretion, the court may consider that, in spite of many peoples' thoughts otherwise, even lawyers are human and are capable of making mistakes."

Jones v. Eagle-North Hills Shopping Centre, 239 F.R.D. at 685.

5

November 5, 2004, December 3, 2004, January 7, 2005, and February 4, 2005.  Production of such back-up tapes would be unduly burdensome and not reasonably calculated to lead to relevant information.  Furthermore, as previously found by this court, defendant need not produce a mirror image of computer hard drives or back-up tapes.

7. That defendant has adequately disclosed the pending charge of discrimination (EEOC Charge #541-2007-00082);

8. That substantially for the reasons stated in the Defendant's Objection to Plaintiff's Second Motion to Compel Based on Newly Discovered Evidence (Docket No. 143), defendant need not produce its copies of any documents related to EEOC Charge #541-2007-00082.

## ORDER

Based on these findings of fact and conclusions of law, this court **ORDERS**:

1. That Plaintiff's Second Motion to Compel Based on Newly Discovered Evidence (Docket No. 137) is **DENIED**;

2. That Plaintiff's Amended Motion for Protective Order Regarding the Unintentional Disclosure of Embedded Data in an Interrogatory (Docket No. 117) is **GRANTED**.  Accordingly, the defendant is prohibited from using or referring to any and all embedded data contained in discovery requests and responses signed by the plaintiff's counsel that have been served on the defendant.

3. That Defendant's Motion for Protective Order Regarding the Unintentional

Disclosure of the May 2, 2005 Memo (Docket No. 124) is **GRANTED**. Accordingly, plaintiff is prohibited from using or referring to the "May 2, 2005, Memo."

4. That each party shall pay their own attorney fees and costs for each of the three motions.

Done this 27th day of April 2007.

                          BY THE COURT

                          s/ Michael J. Watanabe
                          Michael J. Watanabe
                          United States Magistrate Judge