IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01142-WDM-MJW

KARYN S. PALGUT,

    Plaintiff,

v.

CITY OF COLORADO SPRINGS,

    Defendant.

---

**ORDER REGARDING:**
**(1) PLAINTIFF'S MOTION TO RECONSIDER PREVIOUS DISCOVERY RULINGS OF THE MAGISTRATE JUDGE, BASED ON NEW EVIDENCE AND /OR SUPPLEMENTAL INFORMATION IN SUPPORT OF OBJECTIONS TO RULINGS ON MOTIONS TO COMPEL**
**(DOCKET NO. 208),**
**(2) PLAINTIFF'S SECOND MOTION FOR ADDITIONAL DISCOVERY TO PROVE UNLAWFUL SPOLIATION OF ELECTRONICALLY STORED INFORMATION (ESI) (DOCKET NO. 214);**
**AND**
**(3) PLAINTIFF'S MOTION TO COMPEL RESPONSES TO 2006 AND 2007 DISCOVERY REQUESTS THAT HAVE NOT BEEN DENIED BY PREVIOUS DISCOVERY RULINGS BASED ON NEWLY DISCOVERED EVIDENCE**
**(DOCKET NO. 220)**

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

    This matter is was before the court on October 26, 29, 30, and 31, 2007, and November 1, 2007, for hearing on: (1) Plaintiff's Motion to Reconsider Previous Discovery of the Magistrate Judge, Based on New Evidence and/or Supplemental

Information in Support of Objections to Rulings on Motions to Compel (docket no 208), (2) Plaintiff's Second Motion for Additional Discovery to Prove Unlawful Spoliation of Electronically Stored Information (ESI) (docket no. 214); and (3) Plaintiff's Motion to Compel Responses to 2006 and 2007 Discovery Requests that Have not Been Denied by Previous Discovery Rulings Based on Newly Discovered Evidence (docket no. 220). The court has reviewed the above-listed motions, responses, replies, legal authority submitted by the parties, and supplemental legal authority.

In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. Lastly, the court has considered oral argument presented by the parties through their counsel. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The court will address the three (3) motions listed above noting that Plaintiff seeks attorney fees and costs for each of these three (3) motions and further seeks additional relief as outlined below. The court further notes that this court conducted a hearing on October 26, 2007, to determine, with particularity, what were the remaining issues that this court needed to address concerning the three (3) motions listed above. See record of hearing before Magistrate Judge Watanabe on October 26, 2007, and, in particular, statements by Plaintiff's counsel, Ian D. Kalmanowitz. Based upon the hearing of October 26, 2007, this court finds that the following are the **only** (emphasis added) remaining issues for this court to decide concerning the three (3) motions listed

above.

As to Plaintiff's Motion to Reconsider Previous Discovery of the Magistrate Judge, Based on New Evidence and/or Supplemental Information in Support of Objections to Rulings on Motions to Compel (docket no 208), the only two remaining issues concerning this motion are: (1) the scope of the obligation of the City of Colorado Springs to produce EEOC and CCRD information regarding charges of discrimination filed against the fire department and (2) the scope of the e-discovery search plus the need for a third party to conduct such a search and the protocol to be used.

As to Plaintiff's Second Motion for Additional Discovery to Prove Unlawful Spoliation of Electronically Stored Information (ESI) (docket no. 214), the only remaining issues concerning this motion are: (1) the scope of the ESI and dates and (2) the trigger date when the City of Colorado Springs should have preserved records.

As to Plaintiff's Motion to Compel Responses to 2006 and 2007 Discovery Requests that Have not Been Denied by Previous Discovery Rulings Based on Newly Discovered Evidence (docket no. 220), the only remaining issue is the redactions of Richard Karmer's payroll information that was provided by the City of Colorado Springs. It should be noted that Plaintiff, through her counsel, Ian D. Kalmanowitz, stated that Plaintiff would accept a supplemental response by the City of Colorado Springs as it relates to this issue but stated that this issue is somewhat connected to the scope of the City of Colorado Springs' obligation to produce EEOC and CCRD information.  See record of hearing before Magistrate Judge Watanabe on October 26, 2007, and, in

particular, statements by Plaintiff's counsel, Ian D. Kalmanowitz.

As to the above three (3) motions, the court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That each party has been given a fair and adequate opportunity to be heard;

3. That venue is proper in the state and District of Colorado;

4. That Defendant City of Colorado has already provided to Plaintiff over twenty-three (23) thousand pages of discovery in either PDF or ESI format. However, at one point during oral argument, the Plaintiff's counsel, Mr. Cornish, stated that they received over thirty (30) thousand pages of discovery from Defendant City of Colorado Springs;

5. That there were a total of five (5) EEOC and/or CCRD complaints filed dealing with charges of discrimination against the Colorado Springs Fire Department between 1999 to 2005. Defendant City of Colorado Springs has already provided the names of these five (5) complainants to Plaintiff;

6. That Defendant City of Colorado has already agreed to provide to Plaintiff these five (5) EEOC and/or CCRD files dealing with charges of discrimination against the fire department between 1999 to 2005 upon receipt of waivers by the above-mentioned EEOC and/or CCRD complainants;

7. That this court has already authorized the Plaintiff to serve an additional

25 interrogatories concerning the issue of spoilation. *See* docket no. 91. That with these additional interrogatories, Plaintiff has asked, in essence, the same interrogatories that were earlier served upon Defendant City of Colorado Springs;

8. That the Colorado Open Records Act ("CORA") request was made by Attorney Richard Nagel on behalf of the Plaintiff in February 2004;

9. That Plaintiff entered the Colorado Springs Fire Department Academy in 2004;

10. That hard copies of the documents that are in Defendant City of Colorado Springs' **"electronic bucket,"** which is a computer folder that the Defendant City of Colorado Springs has created, have been provided to Plaintiff. Moreover, Defendant City of Colorado Springs' counsel, Lori R. Miskel, has also provided to Plaintiff hard copies of the Defendant City of Colorado Springs outlook calendars;

11. That although the deposition of Steve Harris was taken prior to the hearings on the subject motions (docket nos. 208, 214, and 220) before this court as listed above, the Defendant City of Colorado Springs was not able to cross examine Mr. Harris during his deposition;

12. That some of the documents that have been requested in discovery by Plaintiff from Defendant City of Colorado Springs do not exist in computer ESI format;

13. That this court has previously ruled that many of the Plaintiff's discovery

requests were overboard, unduly burdensome, and not likely to lead to the discovery of admissible evidence. See docket which as of November 15, 2007, had 308 entries;

14. That Defendant City of Colorado Springs has done an adequate and full search of all ESI formatted documents that may be relevant to the issues before this court and which are in Defendant City of Colorado Springs' possession. Nevertheless, the Defendant City of Colorado Springs has agreed to do **an additional search** as outlined in the written "Stipulations of the Parties Re: Outstanding Discovery Motions Pending Before the Magistrate Judge" (docket no. 283) which was made an Order of Court. Defendant City of Colorado Springs has agreed to pay for this **additional search**. See minutes and record made of court proceedings on October 29, 2007;

15. That the 2006 Amendments to Fed. R. Civ. P. 34 simply clarify "that discovery of electronically stored information stands on equal footing with discovery of paper documents." See Advisory Committee's Note on 2006 Amendments. Consequently, without a qualifying reason, plaintiff is no more entitled to access to defendant's electronic information storage systems than to defendant's warehouses storing paper documents;

17. That . . . "[l]ike the other discovery rules, Rule 34(a) allows the responding party to search his records to produce the required, relevant data. Rule 34(a) does not give the requesting party [i.e., the Plaintiff in

this case] the right to conduct the actual search." In re Ford Motor Co., 345 F.3d 1315, 1317 (11th Cir. 2003);

18. That Plaintiff has failed to meet her burden of proof for a third party computer forensic expert to be appointed by the court to examine the Defendant City of Colorado Springs' computer system. See Scotts Co. LLC v. Liberty Mut. Ins. Co., 2007 WL 1723509 (S.D. Ohio June 12, 2007); Williams v. Massachusetts Mut. Life Ins. Co., 226 F.R.D. 144 (D. Mass. 2005); and Bethea v. Comcast, 218 F.R.D. 328 (D.D.C. 2003);

19. That as to the restoration of these old **"back up tapes,"** which date back three to four years and that are currently being stored in the Defendant City of Colorado Springs' City Attorney Office's vault, I find that such **"back up tapes"** are not currently accessible by Defendant City of Colorado since they do not have the hardware to access them. That these **"back up tapes"** were being kept by Defendant City of Colorado Springs in the event of a major disaster. Moreover, since Defendant City of Colorado Springs has agreed to do an additional search as outlined above in paragraph 14, in weighing the possible yield of relevant information from such **"back up tapes"** in comparison to the cost for such restoration, the cost of restoration outweighs the possible yield of relevant and probative information;

20. That Defendant City of Colorado Springs received Plaintiff's counsel (Mr. Cornish's) litigation hold letter on or about February 14, 2006, and

Defendant's counsel, Ms. Miskel, then issued a "Preservation of Records" Memo/Letter on February 17, 2006, to Manuel Navarro, Fire Chief et al. *See* attached to this Order Cornish's two-page letter dated February 14, 2006 (Exhibit 1), and Miskel's two-page memo/letter dated February 17, 2006 (Exhibit 2).

21. That under the facts and circumstances of this case, I find that the reasonable anticipation of the current litigation date (i.e., "trigger date") is February 14, 2006, and not June 20, 2006, when Defendant City of Colorado Springs was served with Plaintiff's Complaint. See docket no. 4. Accordingly, Defendant City of Colorado Springs had a duty to preserve information on February 14, 2006;

21. That Defendant City of Colorado Springs has agreed to copy and produce the 91 DVDs which have co-mingled information stored on them after redaction of HIPPA information to Plaintiff;

22. That Plaintiff has failed to demonstrate spoliation of evidence by Defendant City of Colorado Springs. See Crandall v. City & County of Denver, Colo., 2006 WL 2683754 (D. Colo. Sept. 19, 2006).

23. That at the October 26, 2007, hearing before Magistrate Judge Watanabe, Plaintiff's counsel, Ian D. Kalmanowitz, stated he would accept a supplemental response by the Defendant City of Colorado Springs which the Defendant City of Colorado Springs has agreed to provide as it relates to the issue regarding redactions of Richard Kramer's

payroll information and as it pertains to Plaintiff's Motion to Compel Responses to 2006 and 2007 Discovery Requests that have been Denied by Previous Rulings Based Upon Newly Discovered Evidence (docket no. 220) and further stated that this issue is somewhat connected to the scope of the City of Colorado Springs' obligation to produce EEOC and CCRD information.   In essence, Mr. Kalmanowitz informed the court on October 26, 2007, that the only real remaining issue as to docket no. 220 was the issue of attorney fees and costs.

**ORDER**

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS:**

1. That Plaintiff's Motion to Reconsider Previous Discovery of the Magistrate Judge, Based on New Evidence and/or Supplemental Information in Support of Objections to Rulings on Motions to Compel (docket no 208) is **DENIED**;

2. That Plaintiff's Second Motion for Additional Discovery to Prove Unlawful Spoliation of Electronically Stored Information (ESI) (docket no. 214) is **DENIED**;

3. That Plaintiff's Motion to Compel Responses to 2006 and 2007 Discovery Requests that Have not Been Denied by Previous Discovery Rulings Based on Newly Discovered Evidence (docket no. 220) is **DENIED**; and,

4. That each party shall pay their own attorney fees and costs for these motions.

Done this 3rd day of December 2007.

                         BY THE COURT

                         <u>s/ Michael J. Watanabe</u>
                         MICHAEL J. WATANABE
                         U.S. MAGISTRATE JUDGE