IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No.   06-cv-01142-WDM-MJW

KARYN S. PALGUT,

     Plaintiff,

v.

CITY OF COLORADO SPRINGS,

     Defendant.

---

**ORDER ON VARIOUS MOTIONS AND
OBJECTIONS TO ORDERS BY MAGISTRATE JUDGE**

---

Miller, J.

     This matter is before me on three motions for protective orders (Docket Nos. 270, 275, 286) and three objections to orders by Magistrate Judge Watanabe (Docket Nos. 269, 274, 285) filed by Plaintiff Karyn S. Palgut.  After a review of the pleadings and Plaintiff's written arguments, I conclude oral argument is not required.  For the reasons that follow, Plaintiff's objections shall be granted in part and denied in part and Plaintiff's motions shall be denied as moot.

<u>Background</u>

     This case arises out of Plaintiff's employment with Defendant in the firefighter's training program.  Plaintiff alleges that her termination from the program a few days before final testing began was unconstitutional. She brings eight claims for relief: (1) discriminatory discharge based on sex; (2) discriminatory use of a test score; (3) an

PDF Final

Equal Protection violation; (4) disparate impact; (5) retaliatory discharge based on Plaintiff's opposition to sex discrimination; (6) a Fourteenth Amendment violation for denial of a post-termination hearing after discharge; (7) age discrimination; and (8) violations of the Fair Credit Reporting Act. The case was filed on June 15, 2006 after Plaintiff received a right to sue letter from the Equal Employment Opportunity Commission on March 24, 2006.

The motions and objections in this Order relate to a series of orders by Magistrate Judge Watanabe regarding Plaintiff's counsel Craig M. Cornish. On September 26, 2007, Magistrate Judge Watanabe issued a minute order setting a motions hearing to commence at 8:00 a.m. on Monday, October 15, 2007 and continuing all week. The minute order stated:

> At this hearing Plaintiff **MUST** be present, in person, along with her counsel, Craig M. Cornish. Plaintiff's co-counsel, Ian David Kalmanowitz may be present but is not required to be present for this hearing. Defendant **MUST** have a client representative present , in person, along with counsel Lori R. Miskel. Defendant's co-counsel, Emily Kathleen Wilson may be present but is not required to be present for this hearing.

(*See* Docket No. 251.) However, Mr. Cornish did not appear as ordered. On Friday, October 12, 2007 at 7:24 p.m., Mr. Cornish, through co-counsel Mr. Kalmanowitz, filed an unopposed motion to excuse his appearance at the motions hearing stating that his physician had restricted him from work and all other stressful activities due to a medical condition. (*See* Docket No. 259.) With this motion, Mr. Cornish filed an electronically signed affidavit from his physician, Dr. Klein, that was not notarized.

On the morning of the scheduled motions hearing, Magistrate Judge Watanabe issued a minute order denying Mr. Cornish's motion to be excused as moot and

ordering (1) Mr. Kalmanowitz to fax a copy of the original affidavit of Dr. Klein which bears the signatures of Dr. Klein and the notary; (2) Mr. Cornish to file, under seal for *in camera* review, "a copy of the relevant portion(s) of Craig M. Cornish's medical record which indicates when Dr. Gary Klein imposed restrictions upon Mr. Cornish that prevented Mr. Cornish from appearing before this court each weekday morning at 8:00 a.m. for motions hearing during the week of October 15, 2007"; and (3) that a copy of the order be faxed to Cornish and Dell'Olio. (Docket No. 265.) Mr. Cornish objected to this order on October 19, 2007 (Docket No. 269) and simultaneously filed a motion for protective order and stay of the order (Docket No. 270). Thereafter, Magistrate Judge Watanabe issued a minute order stating:

> It is hereby ORDERED that Plaintiff shall forthwith serve Gary Klein, M.D., with a subpoena to testify for Monday, October 29, 2007, at 8:00 a.m. to provide testify [sic] concerning Dr. Klein's affidavit dated October 12, 2007. The subpoena shall be returnable to the Alfred A. Arraj United States Courthouse, United States District Court, District of Colorado, 901 19th Street, Courtroom A-502, Denver, Colorado 80294.

(*See* Docket No. 271.) Mr. Cornish objected to this order (Docket No. 274) and again simultaneously filed a motion for protective order and stay of the order (Docket No. 275). Finally, although not evidenced in the record but stated by Mr. Cornish in his appeal and accompanying motion, on October 26, 2007 during a telephonic hearing, Magistrate Judge Watanabe orally ordered Mr. Kalmanowitz to subpoena Dr. Klein to testify regarding his affidavit at a hearing scheduled for October 29, 2007. Mr. Cornish again objected (Docket No. 285) and filed an accompanying motion for protective order and stay of Magistrate Judge Watanabe's oral order (Docket No. 286). Due to the objections and motions, the portion of the October 29, 2007 hearing dealing with Mr.

Cornish's medical records was vacated.  (*See* Docket No. 288.)

Standard of Review

With respect to non-dispositive matters, the Federal Rules of Civil Procedure provide that I may "modify or set aside any part of the [magistrate judge's] order that is clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1) (providing that a district court may reconsider any pretrial matter if the magistrate judge's order is "clearly erroneous or contrary to law.").  "The clearly erroneous standard . . . requires that the reviewing court affirm unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *See Ocelot Oil Corp. v. Sparrow Indus*, 847 F.2d 1458, 1464 (10th Cir. 1988) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

Discussion

First, Mr. Cornish argues that Magistrate Judge Watanabe did not have the authority under the Order of Reference to enter such an order because the order was entered after Magistrate Judge Watanabe had "heard and determined" the motion to be excused.  This argument is meritless, however, as the Order of Reference (Docket No. 2) is not limited to hearing and determining motions but designates Magistrate Judge Watanabe to "[h]ear and determine pretrial matters, including discovery and other non-dispositive motions."  Furthermore, a district court has the inherent authority to "regulate its docket, promote judicial efficiency and deter frivolous filings." *Resolution Trust Corp. v. Dabney*, 73 F.3d 262, 267 (10th Cir. 1995) (citations omitted).  Magistrate judges also have the authority to order discovery sanctions for improper conduct during the discovery process.  *Hutchinson v. Pfeil*, 105 F.3d 562,

566 (10th Cir. 1997) ("Discovery is a nondispositive matter, and magistrate judges have the authority to order discovery sanctions." (citations omitted)); *Ocelot Oil Corp.*, 847 F.2d at 1462 ("Discovery is clearly a pretrial matter, and magistrates thus have general authority to order discovery sanctions.").  Therefore, I conclude that Magistrate Judge Watanabe was not acting outside his authority when he issued the orders aimed at Mr. Cornish's medical records.          Second, Mr. Cornish argues that Magistrate Judge Watanabe has "no right under the United States Constitution to compel inspection of anyone's medical records absent a narrowly drawn, compelling federal interest, which is surely lacking here."  (Docket No. 269.)  Although I agree with Mr. Cornish that medical records are entitled to constitutional protection, *A.L.A. v. West Valley City*, 26 F.3d 989, 990 (10th Cir. 1994) ("There is no dispute that confidential medical information is entitled to constitutional privacy protection." (citation omitted)), I disagree that such confidentiality prevents disclosure of Mr. Cornish's medical records in this case.  Mr. Cornish himself put his medical records at issue when he moved to be excused from a motions hearing due to health issues.  Notably, Mr. Cornish's motion was filed past the close of business the Friday before the motions hearing was to start on Monday morning at 8:00 a.m.  Due to Mr. Cornish's actions, Magistrate Judge Watanabe now seeks to substantiate Mr. Cornish's claim that he was unable to work due to health problems because Mr. Cornish's actions may demonstrate disregard for the Court's and opposing counsel's calendars.  I also note that Magistrate Judge Watanabe does not seek a full review of Mr. Cornish's medical records but only seeks to substantiate the date of Dr. Klein's restriction.  Therefore, I

conclude that *in camera* disclosure of Mr. Cornish's medical records that substantiate his claim that he was unable to work during the week of October 15 through October 19, 2007 is not an unconstitutional invasion of privacy. Thus, Plaintiff's objection to Magistrate Judge Watanabe's order that Mr. Cornish submit his medical records for *in camera* review shall be denied. I also conclude, however, that the record is insufficient for me to make a determination as to whether Dr. Klein's in court testimony is warranted. Both Magistrate Judge Watanabe's minute order and his oral order, of which there is no record, provide only an order that Plaintiff or Mr. Kalmanowitz subpoena Dr. Klein to appear in court at a motions hearing without any accompanying analysis. Therefore, Plaintiff's objections to Magistrate Judge Watanabe's orders to subpoena Dr. Klein are granted upon the record before me at this time. However, I will grant the objections without prejudice so that Magistrate Judge Watanabe may order a subpoena for such testimony at a later date if he determines it is necessary. Finally, as I have now addressed Plaintiff's objections, her motions for protective orders and stays are moot.

Accordingly, it is ordered:

1.      Plaintiff's objections to Magistrate Judge Watanabe's order that Mr. Cornish submit his medical records for *in camera* review (Docket No. 269) is denied.

2.      Plaintiff's objections to Magistrate Judge Watanabe's orders that Plaintiff and Mr. Kalmanowitz subpoena Dr. Klein to appear and testify at a motions hearing (Docket Nos. 274, 285) are granted without prejudice to Magistrate Judge Watanabe ordering a subpoena of Dr. Klein again at a later date if he

determines it is necessary for Dr. Klein to testify.

3.     Plaintiff's motions for protective orders and stays (Docket Nos. 270, 275, 286)

       are denied as moot.


DATED at Denver, Colorado, on July 3, 2008.

                                            BY THE COURT:


                                            s/ Walker D. Miller
                                            United States District Judge