IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Walker D. Miller

Civil Action No. 06-cv-01142-WDM-MJW

KARYN S. PALGUT,

    Plaintiff,

v.

CITY OF COLORADO SPRINGS,

    Defendant.

## ORDER ON OBJECTIONS TO ORDERS BY MAGISTRATE JUDGE

Miller, J.

This matter is before me on the three objections filed by Plaintiff's counsel: (1) "Objection by Craig Cornish, Esq. to Magistrate Judge's Order Imposing Sanctions Against Him Personally, Doc. 347" (Docket No. 359); (2) "Objection by Craig M. Cornish, Esq. And Ian D. Kalmanowitz, Esq. To Magistrate Judge's Order Denying their Motions to Withdraw, Doc. 364" (Docket No. 367); and (3) "Objection by Craig M. Cornish and Ian D. Kalmanowitz to Magistrate Judge's Order Denying their Motions for a Stay (Doc. 373) Pursuant to F.R.C.P. 72" (Docket No. 379). After a review of the pleadings and Plaintiff's written arguments, I conclude oral argument is not required.

<u>Standard of Review</u>

With respect to non-dispositive matters, the Federal Rules of Civil Procedure provide that I may "modify or set aside any part of the [magistrate judge's] order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)

(providing that a district court may reconsider any pretrial matter if the magistrate judge's order is "clearly erroneous or contrary to law."). "The clearly erroneous standard . . . requires that the reviewing court affirm unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *See Ocelot Oil Corp. v. Sparrow Indus*, 847 F.2d 1458, 1464 (10th Cir. 1988) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

Discussion

1.  Sanctions

The discovery deadline in this case was December 31, 2007. (*See* Docket No. 288.) At 12:05 a.m. on January 1, 2008, Mr. Cornish filed a motion to compel on behalf of Plaintiff. (*See* Docket No. 328.) Mr. Cornish represented in the motion that he had not complied with D.C.COLO.LCivR 7.1A, which requires consultation with opposing counsel prior to filing a motion, because the motion was a "last minute effort." *Id.* The motion was taken under advisement by Magistrate Judge Watanabe at a February 11, 2008 motions hearing. (*See* Docket No. 346.) In a February 13, 2008 minute order, Magistrate Judge Watanabe denied the motion to compel for failure to comply with D.C.COLO.LCivR 7.1A and ordered Mr. Cornish to personally "pay to Defendant their reasonable and necessary attorney fees and costs for having to respond to the subject motion (docket no. 328) pursuant to Fed. R. Civ. P. 16(f)(1)(C) and (2)." (Docket No. 347.) In so ordering, Magistrate Judge Watanabe noted that during the motions hearing, Mr. Cornish admitted that he had not conferred nor attempted to confer with opposing counsel prior to filing the motion on compel on January 1, 2008 even though he was aware of his duty to confer under D.C.COLO.LCivR 7.1A and the Joint

Scheduling Order specifically included the parties' duty to confer under D.C.COLO.LCivR 7.1A. *Id.*

Mr. Cornish now objects to Magistrate Judge Watanabe's award of attorney's fees, arguing that it violates his due process rights under the Fifth Amendment. He argues that because he was not notified that Magistrate Judge Watanabe was considering imposing sanctions against him, he was denied the opportunity to be heard "on both the decision to sanction and the nature of an appropriate sanction." (Docket No. 359 at 3.) Mr. Cornish requests that the order to pay attorney's fees be set aside and he be afforded notice of any possible future sanctions and the opportunity to submit a response prior to the imposition of sanctions.

A magistrate judge has authority to order discovery sanctions for improper conduct during the discovery process. *See Hutchinson v. Pfeil*, 105 F.3d 562, 565 (10th Cir. 1997) ("Discovery is a nondispositive matter, and magistrate judges have the authority to order discovery sanctions." (citations omitted)); *Ocelot Oil Corp. v. Sparrow Indus*, 847 F.2d 1458, 1462 (10th Cir. 1988) ("Discovery is clearly a pretrial matter, and magistrates thus have general authority to order discovery sanctions."). However, "due process requires fair notice and an opportunity to be heard before attorney's fees are imposed." *Ocelot*, 847 F.2d at 1465–66; *accord United States ex rel. Jimenez v. Health Net,* Inc., 400 F.3d 853, 857 (10th Cir. 2005) ("Due process requires us to give Appellants notice that we are contemplating imposing sanctions and an opportunity to respond." (citing *Braley v. Campbell*, 832 F.2d 1504, 1514 (10th Cir. 1987))); *Braley*, 832 F.2d at 1514 ("Like other sanctions, attorney's fees certainly should not be assessed lightly or without fair notice and an opportunity for a hearing on the record."

(citing *Roadway Express v. Piper*, 447 U.S. 752, 767 (1980))). "The process due, however, depends upon the severity of the considered sanctions" with less process being due for the relatively moderate sanction of imposition of attorney's fees than for dismissal or striking testimony. *G.J.B. & Assoc. V. Singleton*, 913 F.2d 824, 830 (10th Cir. 1990) (citations omitted). "Yet prior to imposing fees and costs upon an attorney for whatever reason, the district court should provide the attorney with an opportunity to fully brief the issue." *Id.* Indeed, even though Fed. R. Civ. P. 16(f) authorizes a court to impose sanctions "on it's own" and requires imposition of attorney's fees for a sanction under Rule 16, due process still requires at least some notice and opportunity to be heard prior to imposition of the sanction. *See id.* At 831–32 (upholding an award of attorney's fees under Fed. R. Civ. P. 16(f) when the sanctionee was provided with "minimally adequate notice and opportunity to be heard").

In this case, Magistrate Judge Watanabe did not provide notice nor an opportunity to be heard to Mr. Cornish regarding the imposition of attorney's fees for Mr. Cornish's failure to comply with D.C.COLO.LCivR 7.1A. Although Magistrate Judge Watanabe addressed the motion to compel and Mr. Cornish's failure to comply with D.C.COLO.LCivR 7.1A at a motions hearing two days before his order, he did not indicate that he was considering Rule 16 sanctions nor allow Mr. Cornish an opportunity to address the possible sanctions or the amount of attorney's fees imposed. In fact, Magistrate Judge Watanabe denied the motion to compel and *sua sponte* imposed attorney's fees as a sanction by minute order two days after he took the motion under advisement without any intervening notice to Mr. Cornish regarding sanctions. Therefore, I conclude that Magistrate Judge Watanabe's order for Mr. Cornish to pay

Defendant's reasonable attorney's fees related to responding to the motion to compel was contrary to law because he did not provide Mr. Cornish with any notice or opportunity to be heard.  Therefore, Mr. Cornish's objection shall be granted.

2. <u>Motions to Withdraw</u>

    a. *Background*

It appears that the law firm of Cornish & Dell'Olio has represented Plaintiff from the inception of this case.  (*See* Compl. at Docket No. 1.)  Discovery closed in the case on December 31, 2007.  (*See* Docket No. 288.)  There were not any dispositive motions filed through the dispositive motions deadline on January 31, 2008.  *See id.*  Mr. Cornish and Mr. Kalmanowitz moved to withdraw on December 4, 2007, both arguing for withdrawal based on Plaintiff's alleged failure to abide by the fee agreement.   (*See* Docket Nos. 314 (Mr. Cornish), 316 (Mr. Kalmanowitz).)  Magistrate Judge Watanabe held a hearing on the motions to withdraw on February 11, 2008.  (*See* Docket No. 346.)

Apparently, on September 7, 2007, Plaintiff notified her attorneys that she would not make any additional payments for attorney's fees, but would continue to pay the costs of litigation.  Mr. Cornish and Mr. Kalmanowitz assert that Plaintiff has not made any payments for work performed on her behalf since September 5, 2007 and that no payments have been made for any work performed after August 22, 2007.  (*See* Docket Nos. 314, 316.)  They further assert that she has incurred legal fees, which remain unpaid, in excess of $156,000.00 for legal work performed between September 5, 2007 and the time the motions to withdraw were filed in December 2007.  *Id.*  I also note that

as Mr. Cornish and Mr. Kalmanowitz continued to pursue Plaintiff's case "without the expectation of payment" through the Final Pretrial Order[1] (*see* Docket No. 346-5, 346-6), it is likely that the disputed amount will exceed the stated $156,000.00.

At the time of the motions hearing, however, a significant amount of fees and costs had been paid on behalf of Plaintiff[2]—specifically, $911,846.34, including $746,134.89 in attorney's fees, $43,209.05 in costs, and $70,465.00 in expert fees.[3] Plaintiff opposes the motions to withdraw essentially arguing that because she has paid an excessive amount of legal fees thus far, she should now be entitled to continued representation without further payment of attorney's fees.  At the hearing, Mr. Rothrock, an expert in the field of attorney ethics presented by Plaintiff, opined that there exists a genuine dispute as to the attorney's fees and that such a dispute presents a legitimate reason to deny a motion to withdraw under the Rules of Professional Conduct.[4]

---

[1] Mr. Cornish and Mr. Kalmanowitz assert that they continued to pursue Plaintiff's case through the Final Pretrial Order expected in November 2007.  (*See* Docket No. 346-5, 346-6.)  However, the Final Pretrial Order was entered almost five months later than expected (*see* Docket No. 378).  It appears that Mr. Cornish and Mr. Kalmanowitz continued to pursue Plaintiff's case through this time. (*See, e.g.*, Docket Nos. 374, 375, 376 (filed by Mr. Kalmanowitz on behalf of Plaintiff on April 28, 2008).)

[2] Plaintiff has not personally paid any of her own legal fees.  Instead, her friends, Bruce and Carolyn Kopper, have made all the legal payments on behalf of Plaintiff.  Plaintiff, however, was the individual who entered into the fee agreement with the law firm of Cornish & Dell'Olio.  (*See* Docket No. 346-2.)

[3] Although the amounts listed for attorney's fees, costs, and expert fees do not add up to the full $911,846.34, these are the amounts to which Mr. Kopper testified at the motions hearing.

[4] Although Mr. Rothrock apparently submitted an affidavit setting forth his expert opinion, I am unable to find the affidavit in the record.  Therefore, I will rely exclusively on his testimony during the February 11, 2008 motions hearing.

Following the motions hearing, Mr. Cornish amended his motion to withdraw arguing that his continued representation of Plaintiff would constitute a conflict of interest. (*See* Docket No. 362.)  He argues that Mr. Rothrock's testimony at the hearing "could reasonably be understood to be that the litigation decisions of [Mr. Cornish] were unethical and incompetent."  *Id.* at 1–2.  Mr. Cornish asserts that because Plaintiff decided to make these charges against Mr. Cornish, Mr. Cornish's interests are now "in a position adverse to the client."  *Id.* at 2.  Therefore, he argues that Colorado Rule of Professional Conduct 1.7(a)(2), which prohibits representation when a conflict of interest exists, requires his withdrawal.

      b.      *Legal Standard*

The District of Colorado's Local Rules of Practice provide that "[a]n attorney who has appeared in a case may seek to withdraw on motion showing good cause." D.C.COLO.LCivR 83.3D.  Such motion to withdraw "must state the reasons for withdrawal unless the statement would violate the rules of professional conduct."  *Id.* The District of Colorado has adopted the Colorado Rules of Professional Conduct (the "Colorado Rules") as the standards of professional responsibility in the district court. *See* D.C.COLO.LCivR 83.4.  The current Colorado Rules, effective January 1, 2008, provide that a lawyer may withdraw from representation if "the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled."  Colo. RPC § 1.16(b)(5).  The comments to this rule state that a "lawyer may withdraw if the client refuses to abide by the terms of an agreement relating to the representation, such

as an agreement concerning fees or court costs or an agreement limiting the objectives of the representation." *Id.*, comment 8.  The previous Colorado Rules, in effect at the time the original motions to withdraw were filed, provided that a lawyer may withdraw if the client "deliberately disregards an agreement or obligation to the lawyer as to expenses or fees."  2007 Colo. RPC § 1.16(b)(1)(F).  The Colorado Rules also provide that a lawyer may withdraw if "the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client."  Colo. RPC § 1.16(b)(6).

Furthermore, a lawyer must withdraw if "the representation will result in a violation of the Rules of Professional Conduct or other law."  Colo. RPC § 1.16(a)(1).  It is a violation of the Colorado Rules to represent a client if "there is a significant risk that the representation of one or more clients will be materially limited by . . . a personal interest of the lawyer."  Colo. RPC § 1.7(a)(2).  If a conflict arises after representation has begun, "the lawyer ordinarily must withdraw from the representation, unless the lawyer has obtained the informed consent of the client."  *Id.*, comment 4.  To represent the client under informed consent, the lawyer must reasonably believe that he will "be able to provide competent and diligent representation to each affected client."  *Id.* § 1.7(b)(1); *see id.*, comment 15 ("[R]epresentation is prohibited if in the circumstances, the lawyer cannot reasonably conclude that the lawyer will be able to provide competent and diligent representation.")  The comments also provide that a lawyer's "own interests should not be permitted to have an adverse effect on representation of a client" and, therefore, "if the probity of a lawyer's own conduct in a transaction is in serious

question, it may be difficult or impossible for the lawyer to give a client detached advice." *Id.*, comment 10.

    c.    *Discussion*

Magistrate Judge Watanabe determined that Mr. Cornish and Mr. Kalmanowitz should not be permitted to withdraw from the case. In so concluding, Magistrate Judge Watanabe determined that due to the fee dispute between Plaintiff and Mr. Cornish and Mr. Kalmanowitz, Plaintiff had neither "deliberately disregarded an agreement or obligation to her lawyer as to expenses or fees", *see* 2007 Colo. RPC § 1.16(b)(1)(F), nor "fail[ed] substantially to fulfill an obligation to the lawyer regarding the lawyer's services", *see* Colo. RPC § 1.16(b)(5), when she stated that she would not pay any further attorney's fees. Magistrate Judge Watanabe further determined that continued representation of Plaintiff without further payment of legal fees would not result in an unreasonable financial burden on the lawyers, "particularly in view of the wildly enormous attorney fees and costs already paid on behalf of Plaintiff to date." (Docket No. 364 at 14.) Finally, Magistrate Judge Watanabe concluded that Mr. Rothrock's testimony at the hearing did not create a conflict of interest between Plaintiff and Mr. Cornish such that withdrawal was required under Colo. RPC § 1.7(a)(2).

After reviewing the recorded hearing, Magistrate Judge Watanabe's Order (Docket No. 364), and the relevant legal standards, I conclude that Magistrate Judge Watanabe's ruling was not "clearly erroneous or contrary to law." *See* Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1). First, I conclude that Magistrate Judge Watanabe's determination that Plaintiff did not "fail[] substantially to fulfill an obligation" nor

"deliberately disregard[] an agreement or obligation"[5] to Mr. Cornish and Mr. Kalmanowitz by refusing to pay further attorney's fees is not clearly erroneous or contrary to law. Although the Colorado Rules indicate that an attorney may withdraw when a client refuses to pay attorney's fees, there was credible testimony presented at the motions hearing from Mr. Rothrock that a client does not meet either of the two standards when there is a genuine fee dispute at the attorney's fees. Testimony of expert Mr. Rothrock; see Robert L . Rossi, 1 Attorney's Fees § 3:8 (3d ed.) ("Nor is an attorney justified in withdrawing from a case where there is a reasonable basis for disputing the attorney's demands for payment."). Although I make no conclusions regarding the propriety of the fees charged by Mr. Cornish and Mr. Kalmanowitz, the fact is that Plaintiff, through the Koppers, has paid a significant amount of attorney's fees for a case that, at the time of the refusal to pay, had not progressed through depositions. Given the high amount of fees already paid, Plaintiff's assertion that she disputes the amount of fees, and Mr. Kopper's testimony that he believes the fees are excessive, I conclude that Magistrate Judge Watanabe's determination that there existed a legitimate fee dispute in this case was not clearly erroneous. Therefore,

---

[5] I conclude, as did Magistrate Judge Watanabe, that there is no practical difference between the two standards under the facts presented by this case. See Colo. RPC § 1.16(b)(5) (permitting withdrawal when a client "fails substantially fulfill an obligation to the lawyer regarding the lawyer's services"); 2007 Colo. RPC § 1.16(b)(1)(F) (permitting withdrawal when the client "deliberately disregards an agreement or obligation to the lawyers as to expenses or fees"). In this case, there is no question that Plaintiff has expressly and actively refused to pay further bills charged under the fee agreement. Rather, the issue is whether this failure to pay fees constitutes a valid reason for withdrawal under the circumstances, i.e., whether the payment of further attorney's fees is an obligation that Plaintiff has to the lawyers given the legitimate fee dispute in the case.

denial of the motions to withdraw based on Colorado Rule 1.16 was not clearly erroneous or contrary to law.[6]

Second, I conclude that Magistrate Judge Watanabe's determination that continued representation would not result in an unreasonable financial burden on the lawyers is not clearly erroneous or contrary to law. Again, without passing judgment on the propriety of the attorney's fees, I note that significant legal fees have already been paid on behalf of Plaintiff. Furthermore, I do not find Magistrate Judge Watanabe's conclusion regarding the credibility of Mr. Cornish regarding his full-time work on this case to be clearly erroneous. Finally, I note that Plaintiff has not refused to pay the costs associated with the case, but only any additional attorney's fees. Therefore, given the above, withdrawal is not appropriate based on an unreasonable financial burden to Mr. Cornish and Mr. Kalmanowitz.

Finally, I find that Magistrate Judge Watanabe's decision was not clearly erroneous or contrary to law with respect to the conflict of interest between Plaintiff and Mr. Cornish. Mr. Rothrock expressly stated numerous times that he was not rendering an opinion as to the appropriateness of the fees, but rather as to whether there was a fee dispute in the case. Furthermore, I note that a fee dispute does not automatically

---

[6] I note, however, that this conclusion is limited to a determination that withdrawal is not appropriate based on Plaintiff's failure to pay fees at this time because there exists a legitimate dispute as to fees. This Order does not address the reasonableness of the fees charged or paid in this case—a separate inquiry is required to determine that issue. Adjudication of the reasonableness of the fees may also be necessary to determine at what point Plaintiff's refusal to pay attorney's fees becomes a substantial failure to fulfill an obligation to Mr. Cornish and Mr. Kalmanowitz.

create a conflict of interest such that a lawyer is precluded from further representation of that client under Colorado Rule 1.7. Such a rule would force a client to choose between disputing a fee or continuation of representation, thereby essentially allowing a lawyer to charge any fee that he or she desires and then withdrawing from representation when the client objects to such fees. Thus, I find it clear that a fee dispute does not automatically create a conflict of interest. Therefore, as Mr. Rothrock did not opine as to the appropriateness of the fees nor accuse Mr. Cornish or Mr. Kalmanowitz of any unethical conduct, Magistrate Judge Watanabe's determination that this testimony did not create a conflict of interest was not clearly erroneous.

3. <u>Motion to Stay</u>

Mr. Cornish and Mr. Kalmanowitz move to stay the entire case until their objection to Magistrate Judge Watanabe's ruling on the motions to withdraw is addressed (Docket No. 386). As this Order addresses the objection, the motion to stay is now moot.

Accordingly, it is ordered:

1. The "Objection by Craig Cornish, Esq. to Magistrate Judge's Order Imposing Sanctions Against Him Personally, Doc. 347" (Docket No. 359) is granted.

2. The portion of Magistrate Judge Watanabe's Order dated February 13, 2008 (Docket No. 347) ordering Mr. Cornish to personally pay attorney's fees associated with responding the motion to compel (Docket No. 328) is vacated. This Order is without prejudice to a determination of fee and cost liability after notice and hearing.

3. The "Objection by Craig M. Cornish, Esq. And Ian D. Kalmanowitz, Esq. To Magistrate Judge's Order Denying their Motions to Withdraw, Doc. 364" (Docket No. 367) is denied.

4. The "Objection by Craig M. Cornish and Ian D. Kalmanowitz to Magistrate Judge's Order Denying their Motions for a Stay (Doc. 373) Pursuant to F.R.C.P. 72" (Docket No. 379) is denied as moot.

DATED at Denver, Colorado, on March 3, 2009.

BY THE COURT:

s/ Walker D. Miller
United States Senior District Judge