IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Walker D. Miller

Civil Action No. 06-cv-01142-WDM-MJW

KARYN S. PALGUT,

    Plaintiff,

v.

CITY OF COLORADO SPRINGS,

    Defendant.

## ORDER ON VARIOUS MOTIONS

Miller, J.

This matter is before me on the following motions filed by Plaintiff's counsel, Craig M. Cornish: (1) "Motion for Leave to Allow Attorney Dennis Hartley to Appear on Behalf of Craig Cornish" (Docket No. 384); (2) "Motion for Reconsideration of Order on Various Motions Entered on July 3, 2008, Document No. 380" (Docket No. 385); and (3) "Motion for Stay Pending Ruling on Motion for Reconsideration or Orders on Various Motions Entered on July 3, 2008, Document 380" (Docket No. 386). After a review of the pleadings and Plaintiff's written arguments, I conclude oral argument is not required.

Background[1]

---

[1] Although not relevant to the motions before me at this point, I note that this case arises out of Plaintiff's employment with Defendant in the firefighter's training program. Plaintiff alleges that her termination from the program a few days before final testing began was unconstitutional. She brings eight claims for relief: (1) discriminatory discharge based on sex; (2) discriminatory use of a test score; (3) an Equal Protection violation; (4) disparate impact; (5) retaliatory discharge based on Plaintiff's opposition to

PDF Final

The motions currently before the court relate to a series of orders by Magistrate Judge Watanabe and myself regarding Plaintiff's counsel Craig M. Cornish. On September 26, 2007, Magistrate Judge Watanabe issued a minute order setting a motions hearing to commence at 8:00 a.m. on Monday, October 15, 2007 and continuing all week. The minute order stated:

> At this hearing Plaintiff **MUST** be present, in person, along with her counsel, Craig M. Cornish. Plaintiff's co-counsel, Ian David Kalmanowitz may be present but is not required to be present for this hearing. Defendant **MUST** have a client representative present, in person, along with counsel Lori R. Miskel. Defendant's co-counsel, Emily Kathleen Wilson may be present but is not required to be present for this hearing.

(*See* Docket No. 251.) Mr. Cornish, however, did not appear as ordered. On Friday, October 12, 2007 at 7:24 p.m., Mr. Cornish, through co-counsel Mr. Kalmanowitz, filed an unopposed motion to excuse Mr. Cornish's appearance at the motions hearing (the "Motion to Excuse") stating that his physician had restricted him from work and all other stressful activities due to a medical condition. (*See* Docket No. 259.) With this motion, Mr. Cornish filed an un-notarized, electronically signed affidavit from Mr. Cornish's physician, Dr. Klein, indicating that he "restricted [Mr. Cornish] from work and all stressful activities for seven days and until he is reevaluated" and that in his opinion Mr. Cornish "should be excused from all Court appearances during the week of October 15, 2007." (*See* Docket No. 259-2 ¶ 6–7.)

On the morning of the scheduled motions hearing, Magistrate Judge Watanabe

---

sex discrimination; (6) a Fourteenth Amendment violation for denial of a post-termination hearing after discharge; (7) age discrimination; and (8) violations of the Fair Credit Reporting Act. The case was filed on June 15, 2006 after Plaintiff received a right to sue letter from the Equal Employment Opportunity Commission on March 24, 2006.

issued a minute order denying Mr. Cornish's motion to be excused as moot and ordering (1) Mr. Kalmanowitz to fax a copy of the original affidavit of Dr. Klein which bears the signatures of Dr. Klein and the notary; (2) Mr. Cornish to file, under seal for *in camera* review, "a copy of the relevant portion(s) of Craig M. Cornish's medical record which indicates when Dr. Gary Klein imposed restrictions upon Mr. Cornish that prevented Mr. Cornish from appearing before this court each weekday morning at 8:00 a.m. for motions hearing during the week of October 15, 2007"; and (3) that a copy of the order be faxed to Cornish and Dell'Olio (the "Order to Disclose"). (Docket No. 265.) Mr. Cornish objected to this order. (*See* Docket No. 269.) By Order dated July 3, 2008, I denied Mr. Cornish's objection concluding:

> Although I agree with Mr. Cornish that medical records are entitled to constitutional protection, *A.L.A. v. West Valley City*, 26 F.3d 989, 990 (10th Cir. 1994) ("There is no dispute that confidential medical information is entitled to constitutional privacy protection." (citation omitted)), I disagree that such confidentiality prevents disclosure of Mr. Cornish's medical records in this case. Mr. Cornish himself put his medical records at issue when he moved to be excused from a motions hearing due to health issues. Notably, Mr. Cornish's motion was filed past the close of business the Friday before the motions hearing was to start on Monday morning at 8:00 a.m. Due to Mr. Cornish's actions, Magistrate Judge Watanabe now seeks to substantiate Mr. Cornish's claim that he was unable to work due to health problems because Mr. Cornish's actions may demonstrate disregard for the Court's and opposing counsel's calendars. I also note that Magistrate Judge Watanabe does not seek a full review of Mr. Cornish's medical records but only seeks to substantiate the date of Dr. Klein's restriction. Therefore, I conclude that *in camera* disclosure of Mr. Cornish's medical records that substantiate his claim that he was unable to work during the week of October 15 through October 19, 2007 is not an unconstitutional invasion of privacy. Thus, Plaintiff's objection to Magistrate Judge Watanabe's order that Mr. Cornish submit his medical records for *in camera* review shall be denied.

(Docket No. 380 at 5–7.)

Discussion

1. <u>Motion for Leave</u>

First, Mr. Cornish moves for leave to allow attorney Dennis Hartley to appear on behalf of Mr. Cornish (Docket No. 384). Mr. Cornish wishes to be represented by counsel with respect to the issues surrounding disclosure of his medical records. Apparently, Mr. Hartley attempted to enter his appearance in this Court but was informed by the Clerk's Office that it will not allow him to enter his appears on behalf of Mr. Cornish. As I understand it, the issues surrounding Mr. Hartley's entrance of appearance on behalf of Mr. Cornish resulted from difficulties with the Electronic Case Files ("ECF") system. Regardless of the reason, however, as there are ongoing issues surrounding Mr. Cornish personally, I conclude that he is entitled to representation in these matters. Therefore, Mr. Cornish's motion for leave shall be granted.

2. <u>Motion for Reconsideration</u>

Second, Mr. Cornish moves for reconsideration (Docket No. 385) of my denial of his objection to Magistrate Judge Watanabe's Order to Disclose. "The Federal Rules of Civil Procedure do not recognize a 'motion to reconsider.' Instead the rules allow a litigant subject to an adverse judgment to file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Fed. R. Civ. P. 59(e) will govern when the motion for reconsideration is filed within ten days of the judgment and Fed. R. Civ. P. 60(b) will govern all other motions. *Id.*

A motion for amendment under Rule 59(e) is limited to a narrow set of circumstances: it "is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. . . . It is not appropriate to revisit issues already addressed

or advance arguments that could have been raised in prior briefing." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Van Skiver*, 952 F.2d at 1243). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Id.* (citing *Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)). This same standard has been applied to both Rule 59(e) motions, *see id.*; *Schlussler-Womak v. Chickasaw Tech Prod.*, 116 Fed. Appx. 950 (10th Cir. 2004) (unpublished),[2] and Rule 60(b) motions, *see Lyons v. N.M. Dep't of Corr.*, 12 Fed. Appx. 772, 773 (10th Cir. 2001) (unpublished); *Adams v. Anderson*, 12 Fed. Appx. 910, 914 (10th Cir. 2001) (unpublished). Rule 60(b) itself, however, provides explicit reasons for which relief may be granted:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(e); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Furthermore, it should be noted that "[r]elief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances." *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1440 (10th Cir. 1990).

In this case, Mr. Cornish did not file his motion within ten days of my Order. The

---

[2] Although the Tenth Circuit does not allow citation to unpublished opinions for precedential value, unpublished opinions may be cited for persuasive value. 10th Cir. R. 32.1.

Order issued on July 3, 2008. (*See* Docket No. 380.)  Although Mr. Cornish filed a "Motion for Enlargement of Time in Which to File a Request for Reconsideration or Notice of Appeal of the Order on Various Motions Entered July 3, 2008 (Doc. 380)" (Docket No. 382) seeking to extend the deadline for moving for reconsideration, the motion was filed on July 30, 2008—more than ten days after my Order.  Therefore, Mr. Cornish's motion must be analyzed as a Rule 60(b) motion.

My July 3, 2008 Order determined that Magistrate Judge Watanabe's order requiring disclosure of Mr. Cornish's medical records was not an unconstitutional invasion of privacy.  The same reasoning that I applied in my previous order is applicable and persuasive now.  Mr. Cornish put his own medical record at issue when he moved to be excused from a mandatory court hearing due to medical reasons.  It is clear that Magistrate Judge Watanabe has concerns regarding the authenticity of Mr. Cornish's representations to the Court, and based on these concerns, seeks to substantiate Mr. Cornish's articulated reason for missing the hearings.  Magistrate Judge Watanabe has such authority.  *See Hutchinson v. Pfeil*, 105 F.3d 562, 565 (10th Cir. 1997) (holding that sanctions are "among the nondispositive matters which a magistrate judge may decide"); *Ocelot Oil Corp.*, 847 F.2d at 1462 ("Discovery is clearly a pretrial matter, and magistrates thus have general authority to order discovery sanctions."); 28 U.S.C. § 636(e) (authorizing magistrate judges to enter contempt orders).  I note that Magistrate Judge Watanabe's order to produce medical records is for disclosure under seal and is limited to the records relating to when Dr. Klein placed Mr. Cornish under the restrictions.  Therefore, as the Order to Disclose will assist Magistrate Judge Watanabe in evaluating Mr. Cornish's

actions and is appropriately limited, I reaffirm my conclusion that the Order to Disclose was not an unconstitutional invasion of privacy and was within Magistrate Judge Watanabe's powers as a magistrate judge.

In his motion for reconsideration, Mr. Cornish fails to present any grounds for amendment under the Rule 60(b) standards. I disagree with Mr. Cornish's argument that his submission of an affidavit by Mr. Kalmanowitz constitutes new evidence allowing amendment under Rule 60(b). The affidavit by Mr. Kalmanowitz states that the reason he did not file the Motion to Excuse until after the close of business was because he was busy with other work. First, I note that this argument could have been raised in previous briefing. *See Servants of the Paraclete*, 204 F.3d at 1012 (holding that motions for reconsideration are not appropriate to "advance arguments that could have been raised in prior briefing"). Magistrate Judge Watanabe indicated in his Order to Disclose that he was concerned with the "late filing of this motion which concerned a matter set to begin when court opened for business" the following business day. (Docket No. 265 at 2.) Therefore, Mr. Cornish could have raised the issue in his objection to Magistrate Judge Watanabe's order. As he did not do so, he is precluded from raising the issue on a motion for reconsideration. *See id.* Furthermore, the contents of the affidavit do not provide a valid ground for altering my previous order. Although the affidavit demonstrates that the motion to excuse was not filed late to avoid judicial scrutiny, it does not demonstrate what the Order to Disclose seeks—namely, when Mr. Cornish was placed on work restrictions. Mr. Cornish presents no other argument in his motion for reconsideration demonstrating "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or]

(3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete*, 204 F.3d at 1012 (citing *Brumark*, 57 F.3d at 948). Furthermore, he presents no argument that any of the explicit reasons for amendment under Rule 60(b) are applicable here. Therefore, I conclude that there is no reason to alter or amend my previous order.

I also note that Mr. Cornish requests that I refer the issue to the attorney disciplinary committee pursuant to D.C.COLO.LCivR 83.5(b)–(m) rather than allow Magistrate Judge Watanabe to continue his investigation into Mr. Cornish's actions. I conclude, however, that it is preferable to allow Magistrate Judge Watanabe the opportunity to determine what, if any, action is appropriate based on Mr. Cornish's actions. Magistrate Judge Watanabe certainly has the authority to determine the legitimacy of Mr. Cornish's representations to the court. *See Hutchinson v. Pfeil*, 105 F.3d 562, 565 (10th Cir. 1997) (holding that sanctions are "among the nondispositive matters which a magistrate judge may decide"); *Ocelot Oil Corp.*, 847 F.2d at 1462 ("Discovery is clearly a pretrial matter, and magistrates thus have general authority to order discovery sanctions."); 28 U.S.C. § 636(e) (authorizing magistrate judges to enter contempt orders). Therefore, I decline to refer the issue to the disciplinary committee.

3. <u>Motion to Stay</u>

Finally, Mr. Cornish moves to stay the entire case until his motion for reconsideration is addressed (Docket No. 386). As this Order addresses the motion for reconsideration, the motion to stay is now moot.

Accordingly, it is ordered:

1. Mr. Cornish's Motion for Leave to Allow Attorney Dennis Hartley to Appear on

Behalf of Craig Cornish" (Docket No. 384) is granted as hereafter provided.

2. However, because the constraints of the ECF system require Mr. Hartley to be associated with a party in order to fully participate in the system, the Clerk's Office is directed to add Mr. Hartley as special counsel for the Plaintiff. This order and that action by the Clerk does not create an attorney-client relationship between the Plaintiff and Mr. Hartley for any purpose as Mr. Hartley's sole client in this matter is Mr. Cornish.

3. Mr. Cornish's "Motion for Reconsideration of Order on Various Motions Entered on July 3, 2008, Document No. 380" (Docket No. 385) is denied.

4. Mr. Cornish is ordered to produce his medical records demonstrating when he was placed on work restrictions for the week of October 15, 2007 under seal to Magistrate Judge Watanabe by March 20, 2009.

5. Mr. Cornish's "Motion for Stay Pending Ruling on Motion for Reconsideration or Orders on Various Motions Entered on July 3, 2008, Document 380" (Docket No. 386) is denied as moot.

DATED at Denver, Colorado, on March 4, 2009.

BY THE COURT:

s/ Walker D. Miller
United States Senior District Judge